**CARTER LEDYARD MILBURN**

**A. Jonathan Trafimow**
Partner
trafimow@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8651

June 4, 2024

The Honorable Arlene R. Lindsay
Long Island Federal Courthouse
814 Federal Plaza
Central Islip, New York 11722-4451

Re:   *Abe, et. al v. Yamaguchi & Friends, Inc., et al. d/b/a Taka Sushi, et al.*, 2:22-cv-03164 (NM-ARL)

Dear Magistrate Judge Lindsay:

This Firm is counsel to Yamaguchi & Friends, Inc. d/b/a Taka Sushi, Takafumi Yamaguchi, and Rie Yamaguchi (together, "Defendants") in the above referenced action by Hisami Abe and Taisei Abe (the "Named Plaintiffs") and Niko J. Yacura (together, "Plaintiffs"). Defendants respectfully request that Your Honor recommend that Ms. Yacura's claims be dismissed with prejudice for failure to prosecute. Fed. R. Civ. P. 41(b).

### Background and Procedural History

On April 25, 2024, Your Honor ordered as follows:

> Upon receipt of this order, counsel for the plaintiff is directed to provide counsel for the defendants with Yacura's last known address. Counsel for the defendants is directed to serve Yacura with a copy of this order by certified mail, return receipt requested at that address. Immediately upon receipt of the order from defense counsel, Yacura is directed to contact defense counsel to arrange for a mutually convenient time for her deposition during normal business hours. The deposition must take place on or before June 3, 2024. Defense counsel shall also serve Yacura with another copy of the outstanding discovery requests at that address and file proof of service with the Court. Yacura must respond to the discovery requests on or before May 27, 2024. Failure to respond to the requests or to appear for the deposition may result, upon a motion from the defendants, in a recommendation that Yacura's claims be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

ECF No. 64 at 2.

11306350.2

That same day, counsel for the Named Plaintiffs provided what counsel advised was Ms. Yacura's last known address. On April 26, 2024, Defendants served the following on Ms. Yacura by certified mail (return receipt requested) to the address provided: (1) a copy of Your Honor's April 25, 2024 order; and (2) copies of the outstanding discovery requests. ECF No. 65. Defendants promptly filed proof of service. *Id.* Ms. Yacura has not contacted counsel for Defendants to arrange her deposition and has not responded to Defendants' discovery requests.

**Argument**

When a plaintiff fails to prosecute an action, comply with court orders, or abide by the Federal Rules of Civil Procedure, "a defendant may move to dismiss the action or any claim against it." *Ramos v. City Wav Corp.*, 2024 U.S. Dist. LEXIS 66823, at *7 (E.D.N.Y. Apr. 11, 2024) (quoting Fed. R. Civ. P. 41(b)). "As the Second Circuit has recognized, while dismissal for failure to prosecute is explicitly sanctioned by Rule 41(b), the power of a district court to dismiss on this basis is also considered 'an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Lewis v. Rawson*, 564 F.3d 569, 575 (2d Cir. 2009)). Courts deciding whether to dismiss for failure to prosecute may look to five non-dispositive factors: "whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *Id.* at *7-8 (quoting *Lewis*, 564 F.3d at 576). "[W]hen a plaintiff fails to respond once threatened with dismissal, it is unclear that a lesser sanction will result in reengagement in a matter." *Id.* at *8.

Here, each factor supports dismissal of Ms. Yacura's claims with prejudice. Ms. Yacura's lack of participation has significantly delayed this litigation by prolonging the discovery period. Defendants have been forced to spend considerable time and resources attempting to serve various papers on Ms. Yacura, noticing and arranging a deposition which Ms. Yacura failed to attend, and filing multiple letter motions. *See generally* ECF Nos. 57, 59, 61, and 62. Further, the Court has given Ms. Yacura express notice that further failure to prosecute could result in dismissal with prejudice via the April 25, 2024 order which is publicly available and which Defendants served to Ms. Yacura's last known address. Dismissing Ms. Yacura's claims with prejudice would allow this litigation to proceed beyond the discovery phase. Finally, no lesser sanction is appropriate as Ms. Yacura has not responded to any of the Court's orders or reached out to Defendants' counsel despite the repeated attempts to serve and contact her at her last known address. Most significantly, the Court expressly warned Ms. Yacura that continued failure to prosecute would result in dismissal with prejudice, and Ms. Yacura has continued to ignore this litigation. For the foregoing reasons, Ms. Yacura's claims should be dismissed with prejudice. *See Thompson v. BK Venture Grp. Ltd.*, 2023 U.S. Dist. LEXIS 184652, at *6-7 (E.D.N.Y. Oct. 13, 2023) (Dismissing with prejudice the claims of opt-in plaintiffs in an FLSA action for failure to prosecute under Federal Rule of Civil Procedure 41(b)). In keeping with Your Honor's Individual Practice Rule 2.B and the April 25, 2024 order, which expressed willingness to consider recommending dismissal of Ms.

**CARTER LEDYARD MILBURN**

-3-

Yacura's claims, Defendants respectfully request that Your Honor recommend dismissal of Ms. Yacura's claims to Judge Morrison.

Accordingly, Defendants respectfully request that this Court recommend dismissal of Ms. Yacura's claims in their entirety and with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

                        Respectfully submitted,

                        *A. Jonathan Trafimow*

                        A. Jonathan Trafimow

cc:    Judge Nina Morrison
       Counsel of Record
       Niko J. Yacura

11306350.2