**CARTER LEDYARD MILBURN**

**A. Jonathan Trafimow**
Partner
trafimow@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-3200

May 5, 2025

**Via ECF**
Honorable Nina R. Morrison
United States District Judge, EDNY
225 Cadman Plaza East
Brooklyn, New York, 11201

      Re:    *Hisami Abe, et al. v. Yamaguchi & Friends, Inc. d/b/a Taka Sushi,*
               *Takafumi Yamaguchi and Rie Yamaguchi* – 22-cv-3164 (NM) (ARL)

Dear Judge Morrison:

      Defendants write pursuant to the Court's February 10, 2025 Order to provide a status report, and also to request an extension of time to submit the joint pretrial order ("JPTO"), presently due May 12, 2025, until thirty (30) days after the Court rules on Defendants' pending motion for summary judgment (ECF Nos. 68, 70, 74, 77, 79, 80, 81, 83).

      Regarding the status report, the parties have completed the briefing directed by the Court in connection with Defendants' motion for summary judgment. The motion is presently sub judice. We wrote to Plaintiffs' counsel on April 21, 2025, requesting an update on the Surrogates Court proceeding but, to date, have not received a response.

      Regarding the request for an extension of time to file the JPTO, the JPTO may be unnecessary if the Court grants Defendants' motion for summary judgment. *See* Individual Practice Rules of Judge Nina R. Morrison § 6.1 ("The parties may request an extension of this deadline … if the Court has granted the parties leave to brief a motion for summary judgment and has not yet decided the motion."). Alternatively, the scope of the JPTO may change significantly if the Court grants the motion in part, and therefore extending the parties' time to submit the JPTO may save the parties time and expense that may be incurred from the work necessary to update the JPTO following the disposition of the pending motion. *See* Fed. R. Civ. P. 1 ("These rules … should be construed, administered, and employed by the court and the parties to secure the just, speedy, and *inexpensive* determination of every action and proceeding.") (emphasis added); *see also* ECF No. 68-9 to 68-11 (Defendants' 2019-21 tax return noting income and officer compensation).

11414030.3

Further, and regardless of the Court's decision on Defendants' motion, Plaintiffs still have not provided Defendants with Plaintiffs' portions of the JPTO, which Defendants also requested on April 21, 2025. Thus, the parties will be able to more meaningfully meet and confer regarding issues in the JPTO, including about objections to exhibits, motions in limine, and stipulations, if afforded the extension that Defendants request herein.

The Court has already granted one extension of time on the JPTO. On February 3, 2025, the parties jointly requested an extension of time for submission of the JPTO "sine die until such time as the Letters of Administration is granted by the Surrogates Court." (ECF No. 75, Joint Status Report regarding Intent to Brief Enterprise Coverage and Deadline for Joint Pre-Trial Order). On February 10, 2025, the Court granted an extension of time for the submission of the JPTO to May 12, 2025. Defendants' requested extension here is also warranted. Defendants thank the Court for its consideration of these issues.

Respectfully submitted,

*A. Jonathan Trafimow*

A. Jonathan Trafimow

cc (via ECF):   Hon. Arlene R. Lindsay
                John Troy, Esq.

11414030.3