UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Hisami Abe and Taisei Abe,

        Plaintiffs,

    v.

Yamaguchi & Friends, Inc. d/b/a/ Taka Sushi, Takafumi Yamaguchi, and Rie Yamaguchi,

        Defendants.

**MEMORANDUM AND ORDER**
22-cv-3164 (NRM) (ARL)

NINA R. MORRISON, United States District Judge:

    Plaintiffs Hisami Abe and Taisei Abe bring this action under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") against Defendants Yamaguchi & Friends, Inc., Takafumi Yamaguchi, and Rie Yamaguchi. Compl., ECF No. 1. Familiarity with the facts and proceedings is assumed.

    On January 18, 2025, after a premotion conference ("PMC") and with notice to the parties, the Court construed Defendants' PMC letter in anticipation of a motion for summary judgment and Local Rule 56.1 statement as the motion itself and conditionally denied Defendants' motion as to five out of six issues presented therein. Order dated Jan. 18, 2025 (citing PMC Letter, ECF No. 68). The Court reserved decision on the sixth issue, whether summary judgment should be granted on enterprise coverage for Plaintiffs' FLSA claims for certain years. *Id*. The Court directed the parties to further brief that issue after the premotion conference. *Id*.; *see also* Order dated Feb. 10, 2025. The Court also gave Defendants leave to file

1

supplemental briefing on the five issues as to which the Court had conditionally denied summary judgment, to give the Defendants the opportunity to "bring to the Court's attention factual matters or legal authorities that the Court may have overlooked or misapprehended in its conditional ruling." Order dated Jan. 18, 2025.

Having reviewed the parties' supplemental briefing, ECF Nos. 74, 77, 79, 80, 81, 82, and 83, the Court now DECLINES to disturb the conditional ruling dated January 18, 2025 and DENIES Defendant's motion for summary judgment on enterprise coverage for Plaintiffs' FLSA claims (except as to the FLSA claims for years 2020 and 2021). The Court has also considered Defendants' arguments that the Court should not exercise supplemental jurisdiction over Plaintiffs' state law claims, but finds them unpersuasive.

## DISCUSSION

In supplemental briefing following the Court's conditional ruling, Defendants argue that the Court should grant summary judgment on Plaintiffs' retaliation claims under the FLSA and NYLL and on Plaintiff Hisami Abe's 2022 FLSA minimum wage claim. Further Briefing of Sum. Judg., ECF No. 74 at 1.[1] Neither argument is persuasive.

1. Retaliation

Defendants' arguments for summary judgment on Plaintiffs' retaliation claims largely retrace those already asserted, without success, at the premotion conference.

---

[1] The Court refers to the page numbers assigned by the Electronic Case Filing System ("ECF").

2

*See* PMC Letter, ECF No. 68.  To the extent that Defendants ask the Court to take judicial notice of the New York Department of Labor determination that Plaintiff Hisami Abe left her employment voluntarily, the Court may not take judicial notice of the Department of Labor determination "for the truth of the matters asserted" therein.  *Liberty Mut. Ins. Co. v. Rotches Pork Packers, Inc.*, 969 F.2d 1384, 1388 (2d Cir. 1992).  Accordingly, the Court declines to disturb its earlier conditional denial of summary judgment on Plaintiffs' retaliation claims.  As previously indicated in the Court's conditional ruling, the Court finds that whether Plaintiff Hisami Abe was constructively discharged or resigned from her employment is a disputed issue of fact for the jury to resolve, and Defendants are not entitled to summary judgment.

2. Hisami Abe's 2022 FLSA Minimum Wage Claim

Defendants present two new arguments for summary judgment on Plaintiff Hisami Abe's 2022 FLSA minimum wage claim: that Hisami Abe's affidavit is a so-called "sham affidavit," and that it is inadmissible hearsay.  Further Briefing of Sum. Judg., ECF No. 74 at 3; Def. Letter Response, ECF No. 83 at 2–3.

The Second Circuit's sham affidavit rule holds that "a party may not create an issue of fact by submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony." *Kennedy v. City of New York*, 570 F. App'x 83, 84 (2d Cir. 2014) (finding plaintiff's post-discovery affidavit that he did not run a red light did not create genuine issue of material fact following deposition testimony that he could not recall whether he ran a red light) (citations omitted).  The sham affidavit rule applies only when the

3

deposition and affidavit are "actually contradictory," and "it does not apply where the later sworn assertion addresses an issue that was not, or was not thoroughly or clearly, explored in the deposition." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 43 (2d Cir. 2000). Accordingly, a "district court should not disregard the post-deposition testimony because of an earlier account that was ambiguous, confusing, or simply incomplete." *Id.* (citation modified); *see also Moll v. Telesector Res. Grp., Inc.*, 760 F.3d 198, 206 (2d Cir. 2014) (finding error for district court to refuse to consider subsequent declaration). "[M]ere tensions or inconsistencies go to credibility, not admissibility, and credibility determinations are not proper at summary judgment." *Fed. Deposit Ins. Corp. v. Murex LLC*, 500 F. Supp. 3d 76, 95 (S.D.N.Y. 2020); *see also id.* at 96 (considering affidavits except to the extent that they "squarely contradict[ed]" deposition testimony).

The inconsistencies that Defendants identify between Hisami Abe's deposition testimony and her affidavit do not constitute "actual[] contradict[ion]," as required by the sham affidavit rule. *Corio*, 232 F.3d at 43. Accordingly, they go to weight, not admissibility, and are not grounds for summary judgment.

Moreover, as Plaintiff Hisami Abe is now deceased, her affidavit falls within the residual exception to the hearsay rule. Fed. R. Evid. 807; *see Lopez v. Miller*, 915 F. Supp. 2d 373, 425 (E.D.N.Y. 2013) (admitting affidavits of deceased declarants under Rule 807 and noting they were prepared under oath at a time when plaintiffs "presumably expected to be subject to cross-examination"); *Disabled in Action v. City of New York*, 437 F. Supp. 3d 298, 308 n.11 (S.D.N.Y. 2020) (finding affidavits of

4

deceased declarants "as trustworthy as the other declarations submitted with this motion that Defendants do not challenge").

Defendants' other arguments are unpersuasive. As noted at the premotion conference, there are genuine disputes of material fact concerning whether Plaintiff Hisami Abe was actually paid for all the hours she worked, allowed to keep all her tips, and given the notice required for Defendants to claim the tipped wage. The Court therefore declines to disturb its earlier conditional ruling and finds that Defendants are not entitled to summary judgment on Plaintiff Hisami Abe's 2022 FLSA minimum wage claim.

3. Enterprise Coverage

First, the parties agree that Defendants did not meet the enterprise coverage threshold of $500,000 in 2020 or 2021. *See* Supp. Letter, ECF No. 77; Pl. Supp. Br., ECF No. 80. Summary judgment is therefore appropriate on the issue of enterprise coverage for those years. *See Alvarez v. Fine Craftsman Grp., LLC*, No. 20 CIV 10452 (GBD) (JW), 2023 WL 2424145, at *3 (S.D.N.Y. Mar. 9, 2023) (finding employer subject to enterprise coverage only for those years in which it met the enterprise coverage threshold); *Boekemeier v. Fourth Universalist Soc'y*, 86 F. Supp. 2d 280, 286 (S.D.N.Y. 2000) ("Enterprise coverage will apply, however, only to the extent the business done by the relevant enterprise exceeds $500,000 for any of these years.").

Second, Defendants argue that summary judgment should be granted against Plaintiffs on their 2019 FLSA claims because Defendant Yamaguchi & Friends, Inc. did not meet the enterprise coverage threshold that year. Supp. Letter, ECF No. 77

5

at 1–2.  Defendants have produced no sales records for 2019, and rely instead on tax returns showing that Yamaguchi & Friends, Inc. had gross receipts of $499,874.85. *Id.*; ECF No. 68-9.  In the following year, however, the restaurant's reported sales were significantly greater than the reported receipts on their tax return.  Pl. Supp. Br., ECF 80 at 2.  Especially here, where the restaurant filed a tax return that claimed gross receipts amounting to just $125.15 below the enterprise coverage threshold, that discrepancy is sufficient to bar summary judgment, in that there remains a triable issue of fact as to whether the 2019 tax return in fact reflected Defendant Yamaguchi & Friends, Inc.'s gross sales.  *Cf. Yu Wei Cao v. Miyama, Inc.*, No. 15-CV-0266 (JS) (ARL), 2019 WL 4279407, at *9 (E.D.N.Y. Sept. 10, 2019) (extrapolating from tax returns to find enterprise coverage was satisfied).

   4. Supplemental Jurisdiction

Finally, Defendants urge the Court not to exercise supplemental jurisdiction over Plaintiffs' NYLL claims — with the exception of the NYLL retaliation claims — even if the Court retains jurisdiction over Plaintiff Hisami Abe's 2019 and 2022 FLSA minimum wage claims.  Further Briefing of Sum. Judg., ECF No. 74 at 4; Supp. Letter, ECF No. 77 at 2.

Defendants' attempt to characterize this case as presenting novel and complex issues of state law is unpersuasive.  The first issue Defendants identify — whether the alleged cash guarantee counts towards the NYLL minimum wage — has not been raised by Plaintiffs. Supp. Letter, ECF No. 77 at 3–4.  The second — whether the tip credit is available despite written notice under the NYLL — would only arise if

6

Defendants demonstrated compliance with all other minimum wage requirements, which Plaintiffs contest. *Id.* at 4.

Moreover, because this case has been pending for over three years, during which time the Court has supervised discovery and decided several substantive motions, the interests of judicial economy, convenience, and fairness are strongly served by the Court's continued jurisdiction. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Feng v. Kelai Corp.*, 727 F. Supp. 3d 423, 444 (S.D.N.Y. 2024) (retaining jurisdiction over NYLL claims). Accordingly, the Court continues its supplemental jurisdiction over the NYLL claims.

## CONCLUSION

Defendants' motion for summary judgment as to enterprise coverage for Plaintiffs' 2020 and 2021 FLSA claims is GRANTED. Defendants' motion for summary judgment is DENIED in all other respects.

**SO ORDERED.**

                                                        */s/ Nina R. Morrison*
                                                        NINA R. MORRISON
                                                        United States District Judge

Dated:      November 20, 2025
              Brooklyn, New York