**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
HISAMI ABE, and
TAISEI ABE,
*on behalf of themselves and others similarly situated,*    Case No. 22-cv-03164 (NM-ARL)
                                            Plaintiffs,

                        v.

YAMAGUCHI & FRIENDS, INC.
        d/b/a Taka Sushi,
TAKAFUMI YAMAGUCHI, and
RIE YAMAGUCHI,

                            Defendants.
------------------------------------------------------------------x


## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION FOR ATTORNEYS' FEES AND COSTS


TROY LAW, PLLC
*Attorneys for the Plaintiffs*
John Troy
Aaron Schweitzer
Tiffany Troy
41-25 Kissena Blvd., Suite 110
Flushing, NY 11355
Tel: (718) 762-1324

# **CONTENTS**

Authorities ............................................................................................................ ii

Argument ............................................................................................................. 1

   I.   Plaintiff's Requested Attorneys' Fees is Fair and Reasonable ......................... 1

     **A.**   **The Hours Spent on this Matter are Reasonable** ..................................... 5

     B.   The Hourly Rates Sought are Reasonable ................................................. 6

     C.   An application of the proportionality rule is improper in a FLSA and NYLL wage-and-hour case ............................................................................................... 13

   **II.**   **Plaintiff Seeks Compensable Costs** ...................................................... 14

ConcLusion ......................................................................................................... 15

## <u>AUTHORITIES</u>

Cases

2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.* (D.N.J. Nov. 26, 2019) ................................................................................................... 11, 12

*Alfaro v. Saba Live Poultry Corp.I*, No. 23-cv-01102 (RA) (KHP), 2024 WL 2112878, 2024 U.S. Dist. LEXIS 88310 (S.D.N.Y. May 6, 2024)............................................................... 9

*Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509 (S.D.N.Y. 2011) ................................... 2, 15

*Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, 2018 U.S. Dist. LEXIS 25171 (E.D.N.Y. Feb. 15, 2018) ........................................................................................................ 8

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182 (2d Cir. 2007, amended Apr. 10, 2008)........................................................................... 2, 6, 7

*Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020) ................................................................................................................................... 11, 12

*Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County Feb. 27, 2023 oral ruling) ........................................................................................... 11, 12

*Blum v. Stenson*, 465 U.S. 886 (1984) ...................................................................................... 6, 7

*Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S. Dist. LEXIS 107831 (S.D.N.Y. Oct. 4, 2010) ........................................................... 2

*Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373 (S.D.N.Y. Sep. 30 2010) ............................................................................... 14, 15

*Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No. 10-cv-2262, 2019 WL 2870721 (E.D.N.Y. June 18, 2019), *adopted*, 2019 WL 2869150 (E.D.N.Y. July 3, 2019)9

*Claud v. Brown Harris Stevens of the Hamptons, Inc.*, No. 2:18-cv-1930, 2024 WL 245261 (Jan. 23, 2024) ................................................................................................................. 9

*Gagne v. Maher*, 594 F. 2d 336 (2d Cir. 1979) ........................................................... 5

*Gerlinger v. Gleason*, 160 F.3d at 858 (2d Cir. 1998)................................................. 8

*Grant v. Martinez,* 973 F. 2d 96 (2d Cir. 1992)........................................................... 5

*Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, at *2 (S.D.N.Y. Mar. 27, 2002) ....................................................................................... 3

*Hu et al v. 226 Wild Ginger Inc. et al*, No. 17-cv-10161 (JGK) (KNF) (S.D.N.Y. Oct. 7, 2020) 10

*Hu et al v.226 Wild Ginger Inc. et al.*, 1:17-cv-10161-JGK-KNF,  (S.D.N.Y. Oct. 7, 2020) 11, 12

*HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-cv-5867, 2023 WL 5441898 (E.D.N.Y. Aug. 22, 2023), *adopted*, 2023 WL 6035673 (E.D.N.Y. Sep. 15. 2023) ................................. 9

*In re "Agent Orange" Prod. Liability Litig.*, 818 F.2d 226 (2d Cir. 1987)................................... 7

*Ji et al v. Jling, Inc. et al*, No. 15-cv-04194 (SIL) (E.D.N.Y. Mar. 2, 2023) .............................. 10

*Junjiang Ji et al. v. Jling, Inc. et al.*, 2:15-cv-04194(SIL) (E.D.N.Y. Mar. 2, 2023) ............. 11, 12

*Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019) .. 11, 12

*Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) ...... 15

*LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748 (2d Cir. 1998).................................................... 14

*LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748 (2d Cir. 1998)....................................................... 8

*Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021) ............................................................................................................. 11, 12

*Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 U.S. Dist. LEXIS 85873, 2015 WL 4006896, at *1 (S.D.N.Y. July 1, 2015) ................................................................. 2

*Lu et al v. Golden Fortune Restaurant Inc et al*, No. 656927/2019 (Sup. Ct. N.Y. Cty. Apr. 27, 2022 Oral Order)............................................................................................. 10

*Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128 (S.D.N.Y. Nov. 10, 2014) ............................................................................................... 15

*Millea v. Metro-N. R. Co.*, 658 F.3d 154 (2d Cir. 2011) ............................................... 2

*Morris v. Affinity Health Plan, Inc.* , 859 F. Supp. 2d 611 (S.D.N.Y. 2012) ............................ 15

*N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S. 886 (1984)........................................... 6

*National Environmental Safety Co., Inc. v. Katz*, No. 18-cv-2161, 2019 WL 1994049 (E.D.N.Y. May 6, 2019)...................................................................................... 9

*Pall Corp. v. 3M Purification Inc.*, Nos. 97-07599 (RRM) (ETB), 03-cv-00092 (RRM) (ETB), 2012 WL 1980403, 2012 U.S. Dist. LEXIS 76755 (E.D.N.Y. June 1, 2012) ........................... 8

*Perdue v. Kenny A.*, 559 U.S. 542 (2010)..................................................................... 6

*Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23 (2d Cir. 1983) ............................................. 7

*Quintanilla v. Good Eats Meal Plan Corp.*, No. 18-cv-04350, 2019 WL 1936731 (E.D.N.Y. May 1, 2019) .................................................................................................. 10

*Reiter v. Maxi-Aids, Inc*., No. 14-cv-03712, 2019 WL 1641306 (E.D.N.Y. Apr. 16, 2019)........ 10

*Rubin v. HSBC Bank USA, N.A. Equifax Info. Servs. LLC*, 763 F. Supp. 3d 233 (E.D.N.Y. 2025) ........................................................................................................... 7, 8

*Sagbaciela v. Ruby Nail Tarrytown, Inc.* No. 53960/2021 (Sup. Ct. Westchester Cty. Feb. 27, 2023 oral ruling) ....................................................................................... 10

*Schwartz v. United States Drug Enforcement Admin*., No. 13-cv-05004, 2019 WL 1299192 (E.D.N.Y. Mar. 1, 2019), *adopted*, 2019 WL 1299660 (E.D.N.Y. Mar. 21, 2019)................. 10

*Shen v. Number One Fresco Tortillas*, No. 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019) ......... 10

*Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)............................................. 7

*Singh et al. v. Dany Restoration, Inc. et al*, No. 17-cv-03787 (S.D.N.Y. Sep. 18, 2018) ........... 10

*Sung v. Top Sys. Alarm Inc.*, 734 F. Supp. 3d 235 (E.D.N.Y. 2024), *adopted* 734 F. Supp. 3d 235 (E.D.N.Y. 2024)......................................................................................................................... 8

*Tackie v. Keff Enterprises, LLC*, No. 14 Civ. 2074, 2014 U.S. Dist. LEXIS 130148, 2014 WL 4626229 ................................................................................................................................... 2

*Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018) 11, 12

*Trustees v. Cali Enter., Inc*., No. 18-cv-03556, 2019 WL 2076784 (E.D.N.Y. May 10, 2019)..... 9

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96 (2d Cir. 2005) ........................................ 2

*Wang v. Maxim International Group, Inc.*, No. 01-20-0000-0617 (A.A.A. Final Award June 1, 2021) ........................................................................................................................................ 10

*Wen Zhang v. Four Seasons*, 1:18-cv-08259(GHW) (S.D.N.Y. Feb. 8, 2023 oral ruling) .... 11, 12

*Weng v. Kung Fu Little Steamed Buns et al*, No. 17-cv-00273 (LAP) (S.D.N.Y. May 21, 2021) 10

*Xu v. Kealoha Sushi Inc. et al*, No. 19-cv-01185 (PAE) (SDA) (S.D.N.Y. August 24, 2021)..... 10

*Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021)...................................................................... 11, 12

*Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021)... 11, 12

*Zhang v. Chongqing Liuyishou Gourmet NJ Inc*., No. 18-cv-10359 (CCC) (SCM) (D.N.J. Nov. 26, 2019) ................................................................................................................................... 10

*Zhang v. New Beijing Wok Inc. et al*, No. 17-cv-09465 (S.D.N.Y. Mar. 3, 2020) ...................... 10

*Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr.

   27, 2022 Oral Order) .......................................................................................................... 11, 12

**Statutes**

29 U.S.C. § 216(b) ................................................................................................................ 1, 2

N.Y. C.L.S. Labor § 198(1-a) ............................................................................................... 1, 2

N.Y. C.L.S. Labor § 633(1) .................................................................................................. 1, 2

**ARGUMENT**

By virtue of the Settlement achieved between Plaintiff TAISEI ABE on the one hand and Defendants on the other, Plaintiff's counsel was permitted to move for further fees and costs. Plaintiff TAISEI ABE is the prevailing Plaintiff under the FLSA and NYLL and his claims was settled independently and prior to the discussion concerning Plaintiff's fees and costs. As set forth below, while Plaintiff and his counsel are deeply appreciative of the Court's hard work in achieving a resolution as to Mr. ABE's claims, imposing a "proportionality rule" when Plaintiff and his counsel expressly rejected a "common fund" settlement goes against the Second Circuit precedent which allows for the bifurcation of client damages and fees (where provided for in the retainer agreement) and a lodestar determination of reasonable fees and costs without the imposition of a proportionality rule.

## I. Plaintiff's Requested Attorneys' Fees is Fair and Reasonable

Under the FLSA, "[a]ny employer who violates the [FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be…." and "[t]he court in such action shall, in addition to any judgment award to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the cost of the action." 29 U.S.C. § 216(b) Under the NYLL, "[i]n any action instituted in the courts upon a wage claim by an employee… in which the employee prevails, the court shall allow such employee to recover the full amount of any underpayment, [and] all reasonable attorney's fees…." N.Y. C.L.S. Labor § 198(1-a), N.Y. C.L.S. Labor § 633(1) (any employee paid less than the statutory minimum wage "shall recover in a civil action the amount of any such underpayments, together with costs [and] all reasonable attorney's fees").

Under both the FLSA and NYLL, a successful plaintiff—including one who settles—is entitled to attorney fees. *See Lizondro-Garcia v. Kefi LLC*, No. 12-CV-1906, 2015 U.S. Dist.

LEXIS 85873, 2015 WL 4006896, at *2 (S.D.N.Y. July 1, 2015) (citing, inter alia, 29 U.S.C. § 216(b), NYLL §§ 198, 663(1)). Courts may elect to award fees by considering either the lodestar method—the reasonable hourly rate of the attorney multiplied by the number of hours reasonably expended— or the percentage method—a percentage of the total amount recovered by the plaintiffs. *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).  The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," "creates a presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

In assessing attorneys' fees in wage and hour cases, courts "ordinarily award a lodestar fee, which is the product of the prevailing market rate for lawyers in the district and the number of hours a reasonable attorney would spend to litigate the case effectively." *See Tackie v. Keff Enterprises, LLC*, No. 14 Civ. 2074, 2014 U.S. Dist. LEXIS 130148, 2014 WL 4626229, at *6. The amount is calculated based on "(1) a consideration of the number of hours actually spent by counsel and other personnel that are deemed reasonably necessary to the successful outcome for the client and (2) the setting of reasonable hourly rates for counsel, a criterion most recently, if opaquely, described as 'the rate a paying client would be willing to pay.'" *Briese Lichttechnik Vertereibs GmbH v. Langton*, No. 09-cv-09790 (LTS) (MHD), 2010 U.S. Dist. LEXIS 107831, at *4 (S.D.N.Y. Oct. 4, 2010). The lodestar figure is thus often referred to as a "presumptively reasonable fee." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F. 3d 182, 190 (2d Cir. 2008). As in other civil rights cases, attorneys' fees in FLSA cases "need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights." *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 511 (S.D.N.Y. 2011). In considering a fee request,

courts should thus avoid placing "an undue emphasis on the amount of plaintiff's recovery." *Id.* (quoting *Grochowski v. Ajet Constr. Corp.*, No. 97 Civ. 6269, 2002 U.S. Dist. LEXIS 5031, 2002 WL 465272 , at *2 (S.D.N.Y. Mar. 27, 2002)).

As set forth in the Declaration of John Troy, this Motion for Attorneys' Fees and Costs arise directly out of the Settlement Conference held before the Hon. ARLENE R. LINDSAY with Kevin M. Simpson and Jonathan A. Trafimow for Defendants and Tiffany Troy for Plaintiff TAISEI ABE (hereinafter "Mr. ABE" or "TAISEI" or "Settling Plaintiff.") The late HISAMI ABE's claim remains stayed pending her substitution by the proposed administrator, Mr. ABE. *See* John Troy Dec ¶ 8. During the Settlement Conference on December 1, 2025, an agreement to settle was reached and placed on the record: specifically, Defendants will provide $4,798.71 representing the sum total of Mr. ABE's claims plus an additional $1,599.57 representing attorneys' fees up to the amount of 1/3 of the claims; but Plaintiff's counsel is permitted to submit a claim for fees and costs (with the Court noting that the fees requested viewed by disfavor but the costs will be considered); these sums will be provided within 30 days, with tax provided by each side. *See id.* ¶ 9. The parties reached a settlement in principle, after negotiating first an amount representing the Plaintiff's damages in the amount of $4,798.71, which represented 100% of the best case scenario for the Plaintiff. ($4,798.71/$4,798.71). *See id.* ¶ 10. As the Plaintiff worked for a period of around eight months as a part time employee, and because the Court allowed for any attorneys' fees to be paid by the Defendants rather than out of any settlement, the Plaintiff accepted the Defendants' offer as to the $4,798.71 at the time of the settlement conference. *See id.* ¶ 11.

This Settlement includes carveouts for Mr. ABE to—notwithstanding the specific release of his claims under the FLSA and NYLL as set forth in the Complaint—to be allowed to testify

for his mother the late HISAMI ABE, in terms of her hours worked and the claims that she had, and there is no bar to him offering evidence in her case should her case go forward. *See id.* ¶ 12.

As to the other Plaintiff, the late Hisami Abe, on February 3, 2025, the parties filed a Suggestion of Death of Hisami Abe. *See* Docket Entry No. 75. *See id.* ¶ 13.On September 30, 2025, Defendants filed a Pre Motion Conference requested in connection with an anticipated motion to dismiss pursuant to FRCP 25(a)(1). *See* Docket Entry No. 87. *See id.* ¶ 14. On December 3, 2025, the Court denied the Pre Motion Conference requested in connection with an anticipated motion to dismiss pursuant to FRCP 25(a)(1) without prejudice to renew. The Court noted that due to delays in the Surrogate's Court, counsel for Plaintiff is granted until Tuesday, January 20, 2026 to provide a status report on the motion for substitute. *See* Text-Only Order dated December 3, 2025. *See id.* ¶ 15. Her motion for substitution is currently pending before the Court. *See id.* ¶ 16.

The Court indicated that from its perspective it is a "very fair" settlement.

In accordance thereof, and given the preservation of rights for the fees, which the Retainer Agreement specifically allows for to be applied for separately and remains the Plaintiff's attorney's property, and the lack of any prejudice to the Plaintiff Mr. ABE who has recovered his damages in full.

Here, Plaintiff's counsel took this case on a contingency basis, without any assurance that Plaintiff's counsel would be paid any fees or reimbursed any costs for its efforts or expenditures in the event that Plaintiff did not prevail on the merits. The retainer agreement signed to between Plaintiff and Plaintiff's counsel specifically provided for a contingency agreement which nevertheless provides that "all attorney fees awarded by the court or accrued by the Attorneys are and shall remain the property of attorney." The retainer agreement signed to between Plaintiff and Plaintiff's counsel specifically provided for a contingency agreement which nevertheless provides

that "all attorney fees awarded by the court or accrued by the Attorneys are and shall remain the property of attorney." *See* Troy Dec. ¶ 20; *see also* Exhibit 1 Retainer Agreement at ¶ 5.

Given that the attorneys' fees and costs were incurred for work on behalf of both TAISEI ABE (the Settling Plaintiff) and the late HISAMI ABE (whose claims remain pending), Plaintiff's counsel is requesting 50% of all fees and costs incurred hitherto as a reasonable apportionment of the fees and costs incurred on behalf of the Settling Plaintiff only. The attorney fees as of the date of the filing of the joint fairness letter motion were Eighty Six Thousand Ninety Dollars and Sixty Seven Cents ($86,090.67) and the costs is Three Thousand One Hundred Ninety Six Dollars and Seventy Five Cents ($3,196.75) (in total Eighty Nine Thousand Two Hundred Eighty Seven Dollars and Forty Two Cents ($89,287.42)). Fifty percent (50%) of the fees and costs is Forty Three Thousand Forty Five Dollars and Thirty Four Cents ($43,045.34) in fees and One Thousand Five Hundred Ninety Eight Dollars and Eighty Eight ($1,598.38) in costs.

Thus, Plaintiff's counsel respectfully requests further attorneys' fees and costs representing the difference between 50% of the attorneys' fees and costs sought and 1/3 of the client damages.

## A.  The Hours Spent on this Matter are Reasonable

Plaintiffs may recover attorneys' fees through the preparation of their fee application. *See Gagne v. Maher*, 594 F. 2d 336, 343–344 (2d Cir. 1979). Accordingly, the Plaintiffs seek fees from the time they began client intake through the date of this application. Hours worked are deemed reasonable if, "at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez,* 973 F. 2d 96, 99 (2d Cir. 1992). The time devoted to this action by Plaintiffs' counsel is set forth in detail in the contemporaneous time entries attached to the declaration of John Troy that specify, for each personnel, the date, the hours expanded, and the nature of work done. *See N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F. 2d 1136, 1147–48 (2d Cir. 1983), *abrogated on other grounds*, *Blum v. Stenson*, 465 U.S.

886 (1984). A reasonable fee is "one that is sufficient to induce a capable attorney to undertake a representation of a meritorious… case." *Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010). The lodestar figure looks to "the prevailing market rates in the relevant community." *Id.* at 551 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). The assessment of hourly rates involves the courts adopting the viewpoint of the client, and confirming that the hourly rates reflect "the rate[s] a paying client would be willing to pay." *Arbor Hill*, 522 F. 3d at 190. The prevailing market rates for attorneys in the Southern District is found in several recent decisions that review other court filings. <u>See</u> *e.g.*, *De Hui Mu v. Han Dynasty Nyu Corp.*, 2018 U.S. Dist. LEXIS 181110, at *6 (S.D.N.Y. Oct. 17, 2018) (finding associate with five years of experience's hourly rate of $325 reasonable in evaluating fairness of a settlement); *Pastor v. ABC Metro Cleaners, Inc.*, 2018 U.S. Dist. LEXIS 210589, at *5-6 (S.D.N.Y. Dec. 12, 2018) (finding fee of $450 reasonable for partner and $400 at senior associate reasonable in evaluating fairness of settlement). As for paralegal work, in recent FLSA actions, hourly rates between $100 and $150 for paralegal work have been found to be reasonable." Rosales, 2018 WL 286105, at *2.

### B. The Hourly Rates Sought are Reasonable

"In considering the reasonableness of the hourly rates, the Court considers the prevailing hourly rates in the forum district as presumptively reasonable, but need not adhere to them." *Bank of Am., N.A. v. Malkin*, 2018 U.S. Dist. LEXIS 14529, 2018 WL 624636, at *3-4 (D. Conn. Jan. 30, 2018) (citations omitted); *see also Arbor Hill*, 522 F.3d at 191. "[W]hen faced with a request for an award of higher out-of-district rates, a district court must first apply a presumption in favor of application of the forum rule." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 175 (2d Cir. 2009)).

### 1. Forum Rule

The "forum rule" is a methodology first developed by the Supreme Court in *Blum v. Stenson*, 465 U.S. 886, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984). According to the forum rule, courts "should generally use 'the hourly rates employed in the district in which the reviewing court sits' in calculating the presumptively reasonable fee." *Arbor Hill*, 493 F.3d at 119 (quoting *In re "Agent Orange" Prod. Liability Litig.*, 818 F.2d 226, 232 (2d Cir. 1987)); *see also Blum*, 465 U.S. at 895; *Polk v. N.Y. State Dep't of Corr. Servs.*, 722 F.2d 23, 25 (2d Cir. 1983). The court may apply an out-of-district rate (or some other rate, based on the aforementioned "case-specific variables") if, "in calculating the presumptively reasonable fee[,] . . . it is clear that a reasonable, paying client would have paid those higher rates." 493 F.3d at 119. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009).

Applying the forum rule, we turn first to the prevailing hourly rates in the Eastern District of New York for other FLSA cases. "Throughout the years[,] a body of caselaw has evolved in the Eastern District establishing these forum rule rates." *Rubin v. HSBC Bank USA, N.A. Equifax Info. Servs. LLC*, 763 F. Supp. 3d 233, 239 (E.D.N.Y. 2025). "Predictably, the rates found to be reasonable 30 or 40 years ago were lower than the current ranges[,]" but "[t]hey tended to climb upward in fits and starts, rather than evolving in a systematic, discernable fashion correlated to th[e] 'reasonable paying client' standard." *Id.* (citations omitted); *see also id.* ("Adjustments and increases to those rates have tended to come in an ad hoc fashion based on indeterminate factors, including inflation.") (citations omitted). However, as it happens, "they have been the same for at least the past thirteen years," *Id.*; *see also id.* at 241 ("[T]he Eastern District courts have been regurgitating these rates for many years without updating them for inflation and market conditions."). "Rates have… remained stagnant in virtually all other cases" since the decision in *Pall Corp. v. 3M Purification Inc.*, finding reasonable hourly rates to be approximately $300.00–

$450.00 for partners, $200.00–$325.00 for senior associates, and $100.00–$200.00 for junior associates. *Id.* at 241 (citing, *inter alia*, *Pall Corp. v. 3M Purification Inc.*, Nos. 97-07599 (RRM) (ETB), 03-cv-00092 (RRM) (ETB), 2012 WL 1980403, 2012 U.S. Dist. LEXIs 76755, at \*11 (E.D.N.Y. June 1, 2012); *Sung v. Top Sys. Alarm Inc.*, 734 F. Supp. 3d 235, 243 (E.D.N.Y. 2024), *adopted* 734 F. Supp. 3d 235, 238 (E.D.N.Y. 2024) (same rates for an FLSA case in 2024)). Judge Block accordingly recognized these legacy rates as "classic examples of blind adherence to outdated precedent." *Id.*

But as His Honor recognized, "[t]imes have changed." *Rubin*, 763 F. Supp. 3d at 242. "'Attorney's fees, like other goods and services, increase in cost with inflation.'" *Id.* (quoting *Almond v. PJ Far Rockaway, Inc.*, 2018 WL 922184, 2018 U.S. Dist. LEXIS 25171, at \*3 (E.D.N.Y. Feb. 15, 2018) (also recognizing that a reasonable fee would tend to increase with a particular attorney's accrual of experience)). "Moreover, it runs counter to the admonition of the Supreme Court that the lodestar should be 'current rather than historic hourly rates.'" *Id.* (quoting *Gerlinger v. Gleason*, 160 F.3d at 858, 882 (2d Cir. 1998)) (citing *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 764 (2d Cir. 1998)). "Adjust[ing] for inflation and market conditions," Judge Block held that "the forum rates in the Eastern District [are now, and should be until about 2030] $450–$650 for partners, $300–$450 for senior associates, $150–300 for junior associates, and $100–$150 for paralegals." *Id.* at 243–244.

Similarly, in *Guoping Gu v. Lemonleaf Thai Rest. Mineola Corp.*, the Court in reviewing in detail cases from 2019 through 2024 held that "$550–$600 per hour for a partner, and $200–[$]400 per hours for associates and the firm's Managing Clerk… [are] within the reasonable range." *See Guoping Gu v. Lemonleaf Thai Rest. Mineola Corp.*, No. 18-cv-06614 (PKC) (AYS), 2024 WL 3813379, 2024 U.S. Dist. LEXIS 105533, at \*27 (E.D.N.Y. Jun. 13, 2024), *adopted by*

2024 U.S. Dist. LEXIS 115880 (E.D.N.Y. June 28, 2024). Plaintiffs' requested rates fall well within the rates set forth by Judge Block in *Rubin*, and also (with the exception of John Troy's requested $650.00) within the rates set forth by Judge Shields and adopted by Judge Chen in *Gu*.

But "courts may [also] rely on their own knowledge of a firm's hourly rates." *Alfaro v. Saba Live Poultry Corp.I*, No. 23-cv-01102 (RA) (KHP), 2024 WL 2112878, 2024 U.S. Dist. LEXIS 88310, at *16 (S.D.N.Y. May 6, 2024). Previously, this firm has been granted "billing rates of $550 to $600 per hour for a partner, and $200 to $400 per hour for associates and the firm's Managing Clerk." *See Gu v. Lemonleaf Thai Rest. Mineola Corp.*, 2024 U.S. Dist. LEXIS 105533, at *27 (citing, *inter alia*, *Claud v. Brown Harris Stevens of the Hamptons, Inc.*, No. 2:18-cv-1930, 2024 WL 245261, at *3 (Jan. 23, 2024) (awarding Plaintiff's attorney an hourly rate of $550 because, *inter alia*, "a rate of $550 per hour is consistent with the high-end of recent prevailing hourly rates used to calculate fee awards for experienced litigators in this District"); *HVT, Inc. v. Port Auth. of N.Y. & N.J.*, No. 15-cv-5867, 2023 WL 5441898, at *5 (E.D.N.Y. Aug. 22, 2023), *adopted*, 2023 WL 6035673 (E.D.N.Y. Sep. 15. 2023) (awarding Plaintiff's lawyer with thirty years of experience an hourly rate of $630 per hour); *Centro de la Comunidad Hispana de Locust Valley v. Town of Oyster Bay*, No. 10-cv-2262, 2019 WL 2870721, at *10 (E.D.N.Y. June 18, 2019), *adopted*, 2019 WL 2869150 (E.D.N.Y. July 3, 2019) (awarding Plaintiff's lawyer in a civil rights case with a more than fifty-year career litigating similar cases an hourly rate of $600 per hour); *Trustees v. Cali Enter., Inc*., No. 18-cv-03556, 2019 WL 2076784, at *6 (E.D.N.Y. May 10, 2019) (noting propriety of award of between $200 and $325 per hour for junior associates litigating ERISA collection matter); *National Environmental Safety Co., Inc. v. Katz*, No. 18-cv-2161, 2019 WL 1994049, at *2 (E.D.N.Y. May 6, 2019) (awarding $500–$600 hourly rate to partners and $300 hourly rate for associates litigating breach of contract case*); Quintanilla v. Good Eats Meal*

*Plan Corp.*, No. 18-cv-04350, 2019 WL 1936731, at *2 (E.D.N.Y. May 1, 2019) (noting that courts generally award hourly rates ranging from $300–$400 for experienced attorneys litigating wage disputes); *Reiter v. Maxi-Aids, Inc.*, No. 14-cv-03712, 2019 WL 1641306, at *4 (E.D.N.Y. Apr. 16, 2019) (noting propriety of awarding up to $450 per hour for partners and up to $325 per hour for associates in fee shifting cases); *Schwartz v. United States Drug Enforcement Admin.*, No. 13-cv-05004, 2019 WL 1299192, at *9 (E.D.N.Y. Mar. 1, 2019), *adopted*, 2019 WL 1299660 (E.D.N.Y. Mar. 21, 2019) (awarding $500 per hour to partner litigating FOIA litigation, and listing awards of between $500 and $655 per hour for partners handling complex litigation)); *see also* Schweitzer Decl. ¶¶ 22–74 (citing *Sagbaciela v. Ruby Nail Tarrytown, Inc.* No. 53960/2021 (Sup. Ct. Westchester Cty. Feb. 27, 2023 oral ruling); *Lu et al v. Golden Fortune Restaurant Inc et al*, No. 656927/2019 (Sup. Ct. N.Y. Cty. Apr. 27, 2022 Oral Order); *Gu*; $500 in *Wang v. Maxim International Group, Inc.*, No. 01-20-0000-0617 (A.A.A. Final Award June 1, 2021); *Ji et al v. Jling, Inc. et al*, No. 15-cv-04194 (SIL) (E.D.N.Y. Mar. 2, 2023); *Xu v. Kealoha Sushi Inc. et al*, No. 19-cv-01185 (PAE) (SDA) (S.D.N.Y. August 24, 2021); *Weng v. Kung Fu Little Steamed Buns et al*, No. 17-cv-00273 (LAP) (S.D.N.Y. May 21, 2021); *Hu et al v. 226 Wild Ginger Inc. et al*, No. 17-cv-10161 (JGK) (KNF) (S.D.N.Y. Oct. 7, 2020); *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.*, No. 18-cv-10359 (CCC) (SCM) (D.N.J. Nov. 26, 2019); *Shen v. Number One Fresco Tortillas*, No. 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019); *Zhang v. New Beijing Wok Inc. et al*, No. 17-cv-09465 (S.D.N.Y. Mar. 3, 2020); *Singh et al. v. Dany Restoration, Inc. et al*, No. 17-cv-03787 (S.D.N.Y. Sep. 18, 2018)).

## 2. Application

Accordingly, as described in detail in the Declaration of John Troy, Plaintiffs' attorneys request hourly rates that are either on par or slightly above the rates routinely given in District Courts throughout this nation and as such request to grant Troy Law Managing Partner John Troy

($650), Managing Associate Aaron Schweitzer ($400), and Associate Tiffany Troy ($250), and for Troy Law paralegals and staffers ($200) and ($150) respectively.

Mr. Troy has previously been awarded $650 per hour in *Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County Feb. 27, 2023 oral ruling);  $600 per hour in *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); an hourly rate ranging from $550.00 per hour (for hours billed before January 4, 2020) to $650.00 per hour (for hours billed after January 5, 2020) in *Guoping Gu v. Lemonleaf Thai Restaurant Mineola Corporation*, 18-cv-6614 (PKC)(AYS) (E.D.N.Y. Jun. 13, 2024); $400 per hour in *Junjiang Ji et al. v. Jling, Inc. et al.*, 2:15-cv-04194(SIL) (E.D.N.Y. Mar. 2, 2023) (granting an hourly rate of $550 for all partner-level work); *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021) (granting an hourly rate of $550 for all partner-level work); *Hu et al v.226 Wild Ginger Inc. et al*., 1:17-cv-10161-JGK-KNF, (S.D.N.Y. Oct. 7, 2020); 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc.* (D.N.J. Nov. 26, 2019); $500 in *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021); $400 in *Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019); $400 in *Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020); $400 in *Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018).

Mr. Schweitzer was previously awarded $400 per hour in *Junjiang Ji et al. v. Jling, Inc. et al.*, 2:15-cv-04194(SIL) (E.D.N.Y. Mar. 2, 2023); *Wen Zhang v. Four Seasons*, 1:18-cv-08259(GHW) (S.D.N.Y. Feb. 8, 2023 oral ruling); *Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County Feb. 27, 2023 oral ruling); *Zhiqiang Lu et al. v. Golden*

*Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); $350.00 per hour (for hours before January 4, 2020) and $400.00 per hour (for hours after January 5, 2020) in *Guoping Gu v. Lemonleaf Thai Restaurant Mineola Corporation*, 18-cv-6614 (PKC)(AYS) (E.D.N.Y. Jun. 13, 2024); $350.00 per hour in: *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); *Hu et al v.226 Wild Ginger Inc. et al*., 1:17-cv-10161-JGK-KNF,  (S.D.N.Y. Oct. 7, 2020); 2:18-cv-10359-CCC-SCM *Zhang v. Chongqing Liuyishou Gourmet NJ Inc*. (D.N.J. Nov. 26, 2019); $325 in *Yatao Wang v. Maxim International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021), $225 per hour in *Junmin Shen v. Number One Fresco Tortillas*, 16-cv-2015 (RWL) (S.D.N.Y. Feb. 19, 2019); $225 per hour in *Baoli Zhang v. New Beijing wok d/b/a Beijing Wok* et al 17-cv-09465 (S.D.N.Y. Mar. 3, 2020).

Ms. Troy was previously awarded a rate of $250 per hour in *Guoping Gu v. Lemonleaf Thai Restaurant Mineola Corporation*, 18-cv-6614 (PKC)(AYS) (E.D.N.Y. Jun. 13, 2024); *Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County Feb. 27, 2023 oral ruling); and *Wen Zhang v. Four Seasons*, 1:18-cv-08259(GHW) (S.D.N.Y. Feb. 8, 2023 oral ruling); $150 (while paralegal or doing paralegal work) in: *Junjiang Ji et al. v. Jling, Inc. et al.*, 2:15-cv-04194(SIL) (E.D.N.Y. Mar. 2, 2023); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); *Hu et al v.226 Wild Ginger Inc. et al*., 1:17-cv-10161-JGK-KNF,  (S.D.N.Y. Oct. 7, 2020); *Tarsem Singh et al. v. Dany Restoration, Inc. et al.* 17-cv-03787 (S.D.N.Y. Sept. 18, 2018); *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order); in *Yatao Wang v. Maxim*

*International Group, Inc.*, American Arbitration Association Case No. 01-20-0000-0617 Final Award (June 1, 2021).

Ms. Kilaru was previously awarded $200 per hour in *Blanca Sagbaciela v. Ruby Nail Tarrytown, Inc.* (New York State, Westchester County Feb. 27, 2023 oral ruling); *Yong Xu v. Kealoha Sushi Inc. et al.,* 1: 19-cv-1185-PAE-SDA (S.D.N.Y. August 24, 2021); *Lianhua Weng v. Kung Fu Little Steamed Buns et al.*, 1:17-cv-00273-LAP (S.D.N.Y. May 21, 2021); 17-cv-10161-JGK-KNF *Hu et al v.226 Wild Ginger Inc. et al.* (S.D.N.Y. Oct. 7, 2020); *Zhiqiang Lu et al. v. Golden Fortune Restaurant Inc et al.* (New York State, N.Y. County Apr. 27, 2022 Oral Order). Mr. Dass was previously awarded $150 an hour in *Wen Zhang v. Four Seasons*, 1:18-cv-08259(GHW) (S.D.N.Y. Feb. 8, 2023 oral ruling).

### C. An application of the proportionality rule is improper in a FLSA and NYLL wage-and-hour case

Here, the Court's comments about the "disfavor" by which it will view any motion for application for further fees and costs (with specific "disfavor" concerning the fees while entertaining an application for costs), essentially calls for a "rule calling for proportionality between the fee and the monetary amount involved in the litigation." Application of such a rule as well as the "notion that the fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation" has been "repeatedly rejected" by the Second Circuit. *See Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005). Plaintiff's counsel has fully disclosed that the Retainer Agreement expressly allows for the application of fees separate and apart of any retainer contingency during the Settlement Conference, and Plaintiff settled his claims with the understanding that Plaintiff's counsel will be able to apply for reasonable fees and costs. In *Kassim*, the Court found that "[i]f the district court reduced the fee in the belief that the claimed hours were simply disproportionate in a case involving a $ 2500 injury,

13

without regard to the reasonableness of the attorney's expenditure of time in responding to the particular circumstances, this was error." *See Kassim*, 415 F.3d at 252.

Here, similarly, the prosecution of the case is reasonably necessary for both Hisami Abe (who has a substantially bigger claim) and Taisei Abe. A fair assessment of the attorney invoice which delineates each billable task expended on behalf of both clients will show that a severe haircut of the fees simply by virtue that Mr. Abe's claim goes against the public policy behind allowing for the application of attorneys' fees and costs under the FLSA and NYLL. Specifically, "a rule calling for proportionality," the Court found, "would effectively prevent plaintiffs from obtaining counsel I cases where deprivation of a constitutional right caused injury of low monetary value." This same theory has been applied in the employment context.

Here, Plaintiff and his counsel has expressly rejected the payment of the attorneys' fees from the common fund in favor of a determination of reasonable fees and costs by the Court. In essence, Plaintiff seeks for fees to be awarded pursuant to the statutes following a judgment favorable to the Plaintiff (*see* 29 U.S.C. § 216(b); N.Y. LAB. L. § 663(1)), and there is no requirement that the fees be proportionate to the amount of the judgment. Indeed, the Second Circuit has "repeatedly rejected the notion that a fee may be reduced merely because the fee would be disproportionate to the financial interest at stake in the litigation." *See Rodriguez v. Mi Esquina Deli Corp.*, No. 21 CV 760 (RML), 2023 U.S. Dist. LEXIS 178170, at *7 n.2 (E.D.N.Y. Oct. 3, 2023); *Kassim*, 415 F.3d at 252.

## II. Plaintiff Seeks Compensable Costs

The Plaintiff is entitled to recover "those reasonable out-of-pocket expenses by attorneys and ordinarily charged to their clients." *LeBlanc-Sternberg v. Fletcher*, 143 F. 3d 748, 763 (2d Cir. 1998) (citation omitted); *see also Cao v. Wu Liang Ye Lexington Rest., Inc.* No. 08-cv-03725, 2010 U.S. Dist. LEXIS 109373, at *24–25 (S.D.N.Y. Sep. 30 2010) (awarding $6,184.08 in costs related

to court filings, transcription services and interpreter fees); *Kim v. 167 Nail Plaza, Inc.,* No. 05-cv-8560, 2008 U.S. Dist. LEXIS 111900, at *21 (S.D.N.Y. Nov. 24, 2008) *recommendation adopted*, 2009 U.S. Dist. LEXIS 1992 (S.D.N.Y. Jan. 12, 2009) (awarding "amounts paid for translation services, court fees, and court-reporting services, for a total of $26,098.80").

For his portion of the Settlement, Plaintiff TAISEI ABE request reimbursement for half the costs incurred to date, including the court filing fees as well as expenses incurred for case filing, transcript, deposition interpretation, and mandatory mediation relevant to the case. These costs are all reasonable and courts have allowed them in similar cases. *See*, *e.g.*, *Marquez v Erenler, Inc.*, No. 12-cv-8580 (GHW), 2014 U.S. Dist. LEXIS 159128, at *9–10 (S.D.N.Y. Nov. 10, 2014) (awarding filing and transcript fees, and process server, deposition and interpreter expenses); *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (awarding expenses including filing fees and postage); *Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 515 (S.D.N.Y. 2011); *Cao v. Wu Liang Ye Lexington Rest., Inc*., No. 08-cv-03725 (DC), 2010 U.S. Dist. LEXIS 109373, at *24 (S.D.N.Y. Sep. 30, 2010) (awarding filing fee and expenses for transcription services and interpreter). The costs expended in this action by Plaintiff's counsel is set forth in detail in the exhibit attached to the declaration of John Troy.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff respectfully requests that the Court award attorneys' fees and costs sought in the application of Plaintiff's counsels.

Dated: Flushing, New York
December 22, 2025

TROY LAW, PLLC
*Attorneys for the Plaintiff TAISEI ABE*

/s/ John Troy
John Troy