A. Jonathan Trafimow, Esq.
Kevin M. Simpson, Esq.
Carter Ledyard & Milburn LLP
28 Liberty Street, 41st Floor
New York, New York 10005
Tel. (212) 732-3200
Fax (212) 732-3232
Email: trafimow@clm.com
       simpson@clm.com

*Attorneys for Defendants Yamaguchi*
*& Friends, Inc. d/b/a Taka Sushi,*
*Takafumi Yamaguchi and Rie Yamaguchi*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HISAMI ABE, ET AL., <br><br> Plaintiffs, <br><br> -against- <br><br> YAMAGUCHI & FRIENDS, INC. D/B/A TAKA SUSHI, ET AL., <br><br> DEFENDANTS. | Case No. 2:22-cv-03164 (NM-ARL) <br><br> **DECLARATION OF TAKAFUMI YAMAGUCHI IN OPPOSITION TO PLAINTIFF'S MOTION FOR ADDITIONAL ATTORNEYS' FEES** |

I, Takafumi Yamaguchi, do hereby declare as follows:

1. I am a Defendant in the above-captioned action (the "Lawsuit").

2. On or about December 1, 2025, I attended a settlement conference in the Lawsuit via videoconference. In addition to Court personnel, in attendance on the videoconference were my wife and co-defendant Rie Yamaguchi; my counsel, Jon Trafimow and Kevin Simpson; Plaintiff Taisei Abe; and Tiffany Troy, a lawyer from Taisei's counsel's law firm. To my knowledge, attorney John Troy did not attend the settlement conference.

3. Near the end of the settlement conference, the Court had all parties and their counsel present. The Court announced its understanding of the terms of the settlement, and asked Plaintiff Taisei Abe if he understood and agreed to those terms. He indicated that he did.

4. The terms of the settlement agreement that the Court presented are accurately stated in the Court's December 13, 2025 Report and Recommendation. Specifically, at the settlement conference Plaintiff Taisei Abe agreed to settle all of his claims in the Lawsuit in the amount of $4,798.71 in damages with $1,599.57 in attorney fees, an amount equal to one-third of the damages, for a total award of $6,398.28. There was no question or doubt that these were the terms of the settlement agreement that Plaintiff Taisei Abe agreed to before the Court. Plaintiff Taisei Abe also stated that he had advice of counsel and was satisfied with his representation.

5. Plaintiff's counsel present at the conference did not object to the settlement agreement as subsequently memorialized in the Report and Recommendation.

6. I did not understand the Court to give permission to Plaintiff Taisei Abe or his counsel to file a motion for additional attorney's fees. The Court did not condition the settlement agreement on any later motion.

7. The Court stated that while she could not prevent such a motion, it would be disfavored because there was no basis for Plaintiff Taisei Abe to receive additional attorneys' fees above the amount we already agreed to in the settlement based on the settlement's terms.

8. I did not agree to a settlement that did not dispose of Plaintiff Taisei Abe's claims in their entirety, including any claim for attorneys' fees. To the contrary, resolution of all of Plaintiff Taisei Abe's claims, including any claim for attorneys' fees, was a critical incentive for me to agree to the settlement. I would not have agreed to this settlement agreement if it had also permitted Plaintiff Taisei Abe to move for additional attorneys' fees. I also did not agree to allow

Plaintiff Taisei "to testify for his mother the late HISAMI ABE, in terms of her hours worked and the claims that she had, and there is no bar to him offering evidence in her case should her case go forward", as Mr. Troy's December 22, 2025 Declaration incorrectly asserts.

9. If I understood that Plaintiff Taisei Abe could receive additional attorneys' fees in an unknown amount above the amount agreed to, I would not have agreed to the settlement agreement.

10. Plaintiff Taisei Abe's claims in the Lawsuit included, among other things, a cause of action for retaliation, for which he sought liquidated damages, injunctive relief, declaratory relief and class action certification. ECF 31, First Amended Complaint ¶148, Counts IX and X, and Prayer for Relief. Indeed, Plaintiffs' counsel filed an opt-in claim for another former employee that the Court subsequently dismissed. ECF 73, Report and Recommendation dated Oct. 22, 2024 (adopted by Text Order dated Mar. 4, 2025). While the Court had previously dismissed many of Plaintiff Taisei Abe's claims, it had not dismissed his cause of action for retaliation. ECF 71, Memorandum and Order.

11. I understood the settlement as a compromise by both sides on Plaintiff Taisei Abe's claims to end the litigation as to Plaintiff Taisei Abe's claims, and avoid the risks of trial on Plaintiff Taisei Abe's claims for both sides. Had Plaintiff Taisei Abe made a settlement demand that Rie and I thought was reasonable months or years ago, we would have settled his claims then. But we never received a settlement demand from him that we thought was reasonable before the one we accepted on December 1, 2025 at the settlement conference and was accurately stated in the Report and Recommendation.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on the 15th day of January, 2026, in Nassau County, New York.

Takafumi Yamaguchi